The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
I am writing in response to your request for my expedited opinion on the following question:
 May the City of Lexa legally assign a police officer to the Barton-Lexa School campus as a resource officer?
You report that the assignment would be made at the request of the school district and that the City of Lexa is the only incorporated area located within the Barton-Lexa School District. My inquiries further reveal that the school campus is located in Barton, an unincorporated community in Phillips County whose law-enforcement needs are met by the Phillips County Sheriff's Department. Based on this information, I gather your question is whether an incorporated town might assign an on-duty police officer to serve as a school resource officer in a school located outside the town's geographical limits with no remuneration other than his police salary.
RESPONSE
In my opinion, such an assignment would be impermissible. However, I believe a Phillips County deputy sheriff might serve as the school's resource officer so long as his or her duties involved only traditional police functions.
Based upon my inquiries, police officers apparently serve with some regularity as school resource officers, although districts vary in their policies regarding remuneration. In the Little Rock School District, police officers are reportedly assigned as school resource officers pursuant to a purchased-services contract providing that the district will pay one half of the officers' salaries. In the North Little Rock School District, police officers are reportedly assigned as school resource officers pursuant to an agreement providing that the city will continue to pay the officers' salaries. The district pays for some training and travel required to perform these services. In the Pulaski County School District, police officers reportedly serve as school resource officers within cities and deputy sheriffs serve in that capacity in the county without any payment by the district, although the district does provide some office space. See also Garcia v. State, 333 Ark. 26, 29,969 S.W.2d 591 (1998) (without addressing the issue of remuneration, noting that a witness in a criminal trial was both a school resource officer and a Russellville police officer). Each of these districts also reportedly maintains its own security staff, which serve as the principal agents to enforce school disciplinary policy. As I understand it, the school resource officers primarily serve to deter criminal activity, to effect any necessary arrests and to expedite good relations among the police, the students and the community. In sum, the school and its environs in all respects are seen as comprising the officer's "beat."
Although I have found no authority in the Arkansas Code, case law or Department of Education regulations that directly addresses using law enforcement officers as school resource officers, I believe one pertinent question is clearly whether such an arrangement might be characterized as an impermissible diversion of tax funds to finance school district activities. In this regard, I should note that under the Code, an incorporated town located within a school district may provide financial assistance to the district. Section 14-58-501 of the Code provides:
 Incorporated towns and cities of the first or second class in the State of Arkansas are empowered and authorized annually to grant financial aid to any public school district in which the town or city is located for the purpose of assisting the school district in retiring school bonds or paying the operating expenses of the district.
However, the scope of such assistance is subject to various restrictions. Section 14-58-502 of the Code provides:
 Financial aid granted and paid to public school districts shall be paid out of any funds received by the town or city. However, payments shall not be made from the regular city taxes collected by the county or state for the town or city.
I believe this statute is in accordance with Ark. Const. art. 16, § 11, which dictates that "no moneys arising from a tax levied for one purpose shall be used for any other purpose." Section 14-58-503 further provides:
 (a) The incorporated town or city council granting financial aid shall do so by resolution which shall fix the amount and time of the payments.
 (b) The resolution shall be effective for the period of twelve (12) months.
 (c) The payments shall not exceed the annual revenue from which the funds are paid.
Given that the operations of the town police department are normally financed by local taxes, the question becomes whether service as a school resource officer might be characterized as a standard police function, in which case a police officer might undertake such an assignment within his jurisdiction in the normal course of his duties without offending the provisions of Ark. Const. art. 16, § 11 and A.C.A. § 14-58-502. However, with respect to the specific situation at issue in your request, even if the duties of the proposed school resource officer might be characterized as law enforcement — a factual inquiry I am neither authorized nor equipped to address — it is certainly neither standard nor permissible police practice to undertake such enforcement outside the territorial jurisdiction of the city.
As a general proposition, then, I believe that a salaried police officer might be assigned as a school resource officer in the city without compensation by the school district, so long as his duties fall within the ambit of standard police operations, including such activities as law enforcement, education regarding the law and fostering good community relations. However, as evidenced by the fact that all of the above described school districts maintain their own security staffs, at some point school discipline becomes an exclusively district matter, as it might be, for instance, in the enforcement of dress codes, hall-pass policy or misbehavior falling short of criminal activity. In my opinion, the expense of such enforcement should be properly borne by the district.
Having stated these general principles, I must stress again that regardless of how one characterizes his duties, a Lexa police officer would not be serving within his jurisdiction if he were assigned as a resource officer at the Barton-Lexa school, which lies outside city limits. Accordingly, I believe it would be inappropriate to assign him to that position as part or all of his official duties. To the extent that the activities of the proposed school resource officer might be characterized as "law enforcement," I believe that a Phillips County deputy sheriff, not a Lexa police officer, would be the appropriate official to assign to that position.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:JD/cyh